**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Robert L. VON KROSIGK,
Defendant–Appellant.**

No. 06–30081.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 5, 2006.

Filed Dec. 26, 2006.

---

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Wendy Olson, Office of the U.S. Attorney, Boise, ID, for Plaintiff–Appellee.

Samuel Richard Rubin, Esq., Federal Defenders of Eastern Washington & Idaho, Boise, ID, for Defendant–Appellant.

Before: FARRIS, CLIFTON, and BEA, Circuit Judges.

## MEMORANDUM *

Robert L. Von Krosigk appeals from his convictions after a jury trial for three counts of mail fraud in violation of 18 U.S.C. § 1341 and thirteen counts of mailing threatening communications with intent to extort in violation of 18 U.S.C. § 876(d).[1] As the parties are familiar with the facts, procedural history, and arguments, we will not recount them here. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

The evidence was sufficient to support the three convictions for mail fraud because a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United ed States v. LeVeque*, 283 F.3d 1098, 1102 (9th Cir.2002). The jury had evidence sufficient to find that Von Krosigk made material false promises or statements and knew the statements were false. *See United States v. Tarallo*, 380 F.3d 1174, 1181–83, 1186–89 (9th Cir.2004). Similarly, the jury had evidence sufficient to conclude the mailings in counts two and three were in furtherance of Von Krosigk's scheme to defraud. *See United States v. Maze*, 414 U.S. 395, 400, 94 S.Ct. 645, 38 L.Ed.2d 603 (1974).

---

1. Von Krosigk does not challenge his convictions for mailing threatening communications with intent to extort, except to the extent those convictions are implicated by his claim of improper contact with a juror.

The district court made an adequate inquiry into the alleged episode of improper contact with a juror. "A court confronted with a colorable claim of juror bias must undertake an investigation of the relevant facts and circumstances." *Dyer v. Calderon*, 151 F.3d 970, 974 (9th Cir.1998) (en banc). However, "[a]n evidentiary hearing is not mandated *every* time there is an allegation of jury misconduct or bias." *United States v. Angulo*, 4 F.3d 843, 847 (9th Cir.1993). "Rather, in determining whether a hearing must be held, the court must consider the content of the allegations, the seriousness of the alleged misconduct or bias, and the credibility of the source." *Id.* Given Von Krosigk's non-specific allegations, the district court did not abuse its discretion in declining to hold an evidentiary hearing.

AFFIRMED.

